UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE OTEY,

          Plaintiff,

    v.

WAL-MART STORES, INC.,

          Defendant.

CASE NO. C05-949JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") (Dkt. # 23). The court has considered the papers filed in support and in opposition of the motion and GRANTS summary judgment for the reasons stated below.

## II. BACKGROUND

Plaintiff Michelle Otey alleges that on May 5, 2002, a Wal-Mart employee struck her in the knee with a shopping cart, causing severe injury. The only facts relevant to Wal-Mart's summary judgment motion are those arising from Ms. Otey's bankruptcy filing in October 2002. Ms. Otey signed her bankruptcy petition declaring that she did not have any contingent or unliquidated claims. In fact, Ms. Otey had hired a personal injury lawyer, John Compatore, earlier that year to represent her in a lawsuit against Wal-

ORDER – 1

Mart. According to Ms. Otey, when she informed Mr. Compatore that she intended to file bankruptcy, he told her she need not list her claim on her bankruptcy schedule. Otey Decl. ¶¶ 5, 6. Ms. Otey hired a different attorney for the bankruptcy action, which closed on February 3, 2003.

Ms. Otey filed suit against Wal-Mart in King County Superior Court on April 25, 2005. Wal-Mart removed on the basis of diversity and now seeks summary judgment on grounds that judicial estoppel precludes Ms. Otey from bringing her cause of action.

### III.  ANALYSIS

The issue before the court does not require it to decide whether undisputed material facts warrant relief for Wal-Mart as a matter of law. See Fed. R. Civ. P. 56(c). There are no material facts in dispute; rather, the question before the court is whether to exercise its discretion to invoke the doctrine of judicial estoppel to bar Ms. Otey's claim. Johnson v. Oregon, 141 F.3d 1361, 1364 (9th Cir. 1998) (application of the doctrine is a matter of discretion).

The doctrine of judicial estoppel prevents a party from asserting one position in court and later seeking an advantage by taking a clearly inconsistent position. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). For example, courts have applied the doctrine to estop parties from asserting a cause of action that they knew of but failed to disclose as a potential asset in a prior bankruptcy proceeding.[1] Id. at 783; Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992). Courts may consider the following factors in determining whether to apply the doctrine:

> (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept its earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

---

[1] The parties do not dispute that a debtor has an express, affirmative duty to disclose a potential cause of action for personal injury in the debtor's bankruptcy schedules. 11 U.S.C. § 521(1) (listing debtor's duties); id. at § 541(a)(1) (defining property of the estate).

ORDER – 2

Hamilton, 270 F.3d at 783 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)) (other internal citations omitted).  The sole disagreement as to application of the doctrine is whether Ms. Otey's intent should play a role in the court's determination.[2]

   Although there is some indication from the Ninth Circuit that good or bad faith matters little in the face of an affirmative duty to report assets in a bankruptcy proceeding, see Hamilton, 270 F.3d at 784, the court is reluctant to apply judicial estoppel in strict liability fashion.  A primary goal of judicial estoppel is to prevent parties from playing "fast and loose" with the judicial system.  Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990) (citations omitted).  To that end, the Ninth Circuit has routinely inquired into the intent of the party asserting an inconsistent position in cases outside of the bankruptcy context.  See, e.g., Johnson v. State Oregon Dept. of Human Resources, Rehab. Div., 141 F.3d 1361, 1369 (9th Cir. 1998) (holding that where an inconsistent position is not based on "chicanery" but mere mistake, judicial estoppel is inapplicable); Hefland v. Gerson, 105 F.3d 530, 536 (9th Cir. 1997) (same).  Specific to litigation following bankruptcy filings, district courts within this circuit have looked to the *absence* of bad faith where the party has taken steps to remedy a non-disclosure by informing the bankruptcy trustee of the pending litigation.  Kitchen v. WSCO Petroleum Corp., No. CV-04-828-ST, 2006 WL U.S. Dist. 118515, at *4-5 (D. Or. Jan 13, 2006);  Froshiesar v. Babij, CV-02-449-ST, 2004 U.S. Dist. WL 2360529, at *5-8 (D. Or. October 15, 2004).

   Here, the court is persuaded that the balance of factors tip the balance in favor of barring Ms. Otey's claim against Wal-Mart.   There is no dispute that Ms. Otey knew of and was, in fact, *pursuing* her claim against Wal-Mart at the time of filing bankruptcy.  Ms. Otey contends that the "only reason" that she did not report her claim was because she relied on her personal injury lawyer's assurance that she need not report it.  Otey

---

[2] In support of their respective arguments regarding intent, the parties cite exclusively to state law.  Sitting in diversity, the court applies federal law in determining whether judicial estoppel applies.  Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 603 (9th Cir. 1996).  Thus, the court proceeds with its analysis under federal law.

ORDER – 3

1  Decl., ¶ 11. At the outset, the court is not persuaded that her reliance on Mr. Compatore's
2  advice was even reasonable – particularly when she had access to the separate counsel of
3  a bankruptcy attorney. See Stephens v. Stinson, 292 F.2d 838 (9th Cir.1961) (a debtor's
4  reliance on an attorney's advice in listing assets must be reasonable).
5         More importantly, although she contends that she did not intend to mislead anyone
6  or gain any benefit from non-disclosure, Ms. Otey has done nothing to correct her
7  inconsistent position. Kitchen, 2006 U.S. Dist. WL 118515, at *4 (doctrine did not apply
8  where plaintiff "has offered both an explanation of the error and actual proof that he
9  amended his bankruptcy schedules to correct the error."). Even if Ms. Otey's non-
10 disclosure was simply a mistake, she has known of her misstep since at least February 6,
11 2006 when Wal-Mart raised the issue in the context of an opposition brief (Dkt. # 19).
12 For over two months, she has had the opportunity to demonstrate her good faith by
13 reopening her bankruptcy action and properly amending her schedule to include this
14 lawsuit. She has failed to do so. As such, the court concludes that the doctrine of judicial
15 estoppel precludes Ms. Otey's claims against Wal-Mart. Kitchen, 2006 U.S. Dist. WL
16 118515, at *4-5; Froshiesar, 2004 U.S. Dist. WL 2360529, at *5-8.

### IV. CONCLUSION

18     For the foregoing reasons, the court GRANTS Wal-Mart's motion for summary
19 judgment (Dkt. # 23). The case is dismissed with prejudice.
20     Dated this 24th day of April, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 4